**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

David e. Perryman junior, )

) JURY TRIAL DEMANDED

Plaintiff, )

)

v. ) Case No. _______________

)

Equifax Information Services, LLC, )

)

Defendant. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, and costs brought by Plaintiff David E. Perryman Junior against Defendant Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Equifax is a nationwide consumer reporting agency that assembles and sells consumer reports to third parties. In doing so, it is required by federal law to clearly and accurately disclose to consumers all information contained in their credit files upon request. Equifax failed to do so here.

3. When Plaintiff requested his consumer disclosure, Equifax provided a document that omitted payment history grids for multiple accounts, left account detail fields blank across every tradeline, and suppressed the Actual Payment Amount for at least one active account in its 24-month history table. The data furnishers for those accounts reported complete information to Equifax; Equifax chose not to pass it along.

4. Equifax's systematic omission of this data prevented Plaintiff from being able to identify, verify, and dispute the information contained in his own credit file. The failure violated 15 U.S.C. § 1681g(a)(1), which requires that a consumer reporting agency clearly and accurately disclose to a consumer all information in the consumer's file at the time of the request.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which provides that any action to enforce any liability created under the FCRA may be brought in any appropriate United States district court without regard to the amount in controversy, and pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district. Plaintiff resides in Boston, Massachusetts, requested his consumer disclosure from this district, and received the deficient disclosure in this district.

## PARTIES

7. Plaintiff David E. Perryman Junior is a natural person residing at 3 Pickering Ave., Apt. 2, Roxbury, Massachusetts 02119. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f), in that it regularly engages, for monetary fees and on a cooperative nonprofit basis, in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the United States mail and the internet. As a consumer reporting agency, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

**Plaintiff's May 2026 Consumer Disclosure Request**

10. On or about May 13, 2026, Plaintiff requested a copy of his consumer credit disclosure from Equifax. Equifax provided an electronic copy of Plaintiff's consumer disclosure ("Equifax's Disclosure") bearing Confirmation Number 6133587492 and dated May 13, 2026. A true and accurate copy of Equifax's Disclosure is attached hereto as Exhibit A.

11. Pursuant to 15 U.S.C. § 1681g(a)(1), upon receipt of Plaintiff's request, Equifax was required to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of his request, with the limited exception that Plaintiff's Social Security number could be truncated if requested.

12. Equifax's Disclosure identifies the following credit accounts and collection entries in Plaintiff's file: (a) Navy Federal Credit Union, credit card account ending in *8619, opened September 15, 2018; (b) Ally Financial, auto loan account ending in *2343, opened April 3, 2024; (c) Navy Federal Credit Union, closed auto loan account ending in *3552, closed May 1, 2020; (d) Comenity Bank/Kay Jewelers, closed charge account ending in *0801, closed April 1, 2019; (e) Greenwood Credit Union, closed auto loan account ending in *1316, closed September 1, 2018; (f) ACS, collection account ending in *3365, assigned November 24, 2025, for National Grid NE, unpaid balance of $4,425; and (g) Sunrise Credit Services, Inc., collection account ending in *5630, assigned September 14, 2023, for Comcast, paid balance.

**Missing and Incomplete Account Information and Payment History**

13. Equifax's Disclosure omits material information with respect to multiple accounts in Plaintiff's file. Specifically, the following fields are blank, absent, or show no data for the accounts identified below, even though that information existed in Equifax's file at the time of Plaintiff's request.

14. For the Navy Federal Credit Union credit card account ending in *8619: In the 24-Month History table, the Actual Payment Amount column is blank for the April 2026 reporting period, preventing Plaintiff from verifying whether a payment was made or recorded during that cycle. Additionally, the following Account Details fields are blank: Term Duration, Activity Designator, Deferred Payment Start Date, Balloon Payment Amount, and Balloon Payment Date.

15. For the Ally Financial auto loan account ending in *2343: The Account Details section shows the following fields as blank: Activity Designator, Deferred Payment Start Date, Balloon Payment Amount, and Balloon Payment Date. The Credit Limit field contains no data. The account carries Narrative Code 167, which Equifax defines as "Consumer Disputes After Resolution," indicating that prior dispute history data exists in Equifax's internal file that is not reflected in the disclosure provided to Plaintiff.

16. For the Comenity Bank/Kay Jewelers account ending in *0801: No payment history grid appears at all. This account was opened on March 19, 2016 and closed on April 1, 2019, a period of approximately 37 months during which Equifax received monthly payment and balance data from Comenity Bank. None of that monthly history is disclosed in Plaintiff's consumer disclosure.

In addition, the following Account Details fields are blank: Actual Payment Amount, Scheduled Payment Amount, Date of Last Payment, and Term Duration.

17. For the Greenwood Credit Union account ending in *1316: No payment history grid appears at all. This account was opened on March 7, 2017 and closed on September 1, 2018, a period of approximately 19 months. No monthly payment data is disclosed despite Equifax having received it from Greenwood Credit Union. The fields for Scheduled Payment Amount, Actual Payment Amount, and Amount Past Due are also blank.

18. For the ACS collection account ending in *3365: No Account Details section appears beyond the single summary line showing the collection amount and status. No payment history grid appears. No additional fields are shown, including the activity designator, any balance history, or any account classification fields.

19. For the Sunrise Credit Services, Inc. collection account ending in *5630: Identical to the ACS entry, no Account Details section appears beyond the summary line. No payment history appears.

20. The total number of incomplete, missing, or omitted data fields across Plaintiff's disclosure is substantial. A list of the missing data fields for each affected account is attached hereto as Exhibit C.

**Equifax's Systemic Disclosure Template Deficiency**

21. On information and belief, Equifax's Disclosure to Plaintiff was generated using an automated template that extracts database information from a consumer's file and populates it into pre-programmed fields on a consumer disclosure form.

22. On information and belief, this same template is used every time a consumer requests their file from Equifax through www.annualcreditreport.com.

23. On information and belief, Equifax's automated template omits or fails to populate payment history grids, account detail fields, and monthly history data that Equifax possesses in its internal database and that the data furnishers for Plaintiff's accounts reported to Equifax.

24. When Equifax produces and sells consumer reports regarding Plaintiff to third parties, the full account numbers, complete payment history, and full account detail information are included in those reports. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

25. Having a duty to disclose all of the information regarding the accounts in Plaintiff's file, Equifax breached that duty by failing to provide complete payment history and account detail information, because such information is necessary for a consumer to be able to research, verify, and evaluate the information contained in his credit file.

26. Absent such information, a consumer is reduced to, at best, playing detective, and at worst, guessing as to whether the information in their report is accurate and whether the accounts listed belong to them.

27. The Federal Trade Commission addressed this exact issue in its Advisory Opinion to Darcy, dated June 30, 2000. The FTC stated: "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." A true and accurate copy of the FTC Advisory Opinion to Darcy is attached hereto as Exhibit B.

28. Federal courts have recognized this theory of liability. In Washington v. Equifax Information Services, LLC, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019), the court stated: "The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA."

29. Equifax knows of these deficiencies in its disclosure template but, despite such knowledge, has yet to correct them.

30. Equifax's failure to disclose all of the information in Plaintiff's file in its free annual consumer disclosure is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the desire

to avoid the costs of correcting its systems and to reduce the number and effectiveness of consumer disputes.

## Injury to Plaintiff

31. The lack of complete account detail information and payment history in Equifax's Disclosure caused Plaintiff actual harm. Plaintiff was unable to review, verify, and evaluate the accounts in his credit file against his own records because the essential identifying and historical data for those accounts was withheld.

32. Plaintiff suffered frustration and emotional distress when attempting to understand and verify the information in Equifax's Disclosure and was unable to do so because the data necessary to complete that review was omitted.

33. Plaintiff spent time and effort attempting to investigate the entries in his disclosure, time that was wasted as a direct result of Equifax's failure to provide the complete information it was required to furnish.

34. The failure to provide accurate and complete information as required by law creates an injury in fact sufficient to establish standing pursuant to Article III. Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) (holding that the alleged injury to a plaintiff's statutorily created right to truthful information was a cognizable injury in and of itself). Plaintiff's right to a clear and accurate disclosure of all information in his file under 15 U.S.C. § 1681g(a)(1) is a substantive

right the violation of which constitutes a concrete injury regardless of any additional downstream harm.

35. On information and belief, Equifax has furnished consumer reports concerning Plaintiff to one or more third parties, including creditors, within the two years preceding the filing of this Complaint. The information furnished to those third parties includes data that was withheld from Plaintiff's own consumer disclosure. The dissemination of Plaintiff's credit information to third parties while Equifax simultaneously withheld that same information from Plaintiff constitutes a concrete harm within the meaning of TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## Failure to Clearly and Accurately Disclose All File Information

## 15 U.S.C. § 1681g(a)(1)

## (Willful Violation)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as if fully stated herein.

37. Section 1681g(a)(1) of the FCRA requires that a consumer reporting agency, upon request, shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

38. Equifax violated 15 U.S.C. § 1681g(a)(1) when it responded to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff all of the information in his file at the time of the request. Specifically, Equifax disclosed accounts without providing: (a) any payment history grid for the Comenity Bank/Kay Jewelers account ending in *0801, covering approximately 37 months of history that Equifax possessed; (b) any payment history grid for the Greenwood Credit Union account ending in *1316, covering approximately 19 months of history that Equifax possessed; (c) the Actual Payment Amount for the April 2026 reporting period for the Navy Federal Credit Union credit card account ending in *8619; (d) complete account detail fields across all five credit accounts, including but not limited to Term Duration, Activity Designator, Deferred Payment Start Date, Balloon Payment Amount, and Balloon Payment Date; and (e) any account detail section beyond a single summary line for either the ACS collection account ending in *3365 or the Sunrise Credit Services account ending in *5630.

39. The data furnishers for each of the accounts identified in paragraph 38 reported complete information to Equifax, and that information was contained within Equifax's file on Plaintiff at the time of his request. Equifax's disclosure template failed to pass that information along to Plaintiff.

40. Equifax's violation was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Equifax knew of the deficiencies in its consumer disclosure template and the fact that its template omitted payment history and account detail information that existed in its database and was reported by data furnishers. Despite that knowledge, Equifax continued to generate deficient disclosures. This was not a reasonable interpretation of the FCRA's requirements; the statute's plain text requires disclosure of "all

information" in the consumer's file, and the FTC has expressly stated that omitting account data from a consumer disclosure does not comply with Section 609. Equifax's conduct in systematically omitting known data from consumer disclosures while including that same data in reports sold to third parties is reckless, at minimum, and demonstrates a knowing disregard for Plaintiff's statutory rights.

41. As a result of Equifax's willful violation of 15 U.S.C. § 1681g(a)(1), Plaintiff is entitled to the greater of his actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a)(2); and costs of the action pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## Failure to Clearly and Accurately Disclose All File Information

## 15 U.S.C. § 1681g(a)(1)

## (Negligent Violation -- Pleaded in the Alternative)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as if fully stated herein.

43. In the alternative, if the Court finds that Equifax's violation of 15 U.S.C. § 1681g(a)(1) was not willful, Plaintiff alleges that Equifax was negligent in failing to comply with the requirements of the FCRA as set forth in Count I above.

44. Equifax's failure to maintain and operate a consumer disclosure system that clearly and accurately discloses to consumers all information in their files constitutes negligence in failing to follow reasonable procedures to comply with the statute's requirements.

45. As a result of Equifax's negligent violation of 15 U.S.C. § 1681g(a)(1), Plaintiff is entitled to his actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1681o(a)(1), and costs of the action pursuant to 15 U.S.C. § 1681o(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David E. Perryman Junior respectfully requests that this Court enter judgment against Defendant Equifax Information Services, LLC as follows:

a. On Count I, the greater of Plaintiff's actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. On Count I, punitive damages in such amount as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

c. On Count I, costs of this action pursuant to 15 U.S.C. § 1681n(a)(3);

d. On Count II, in the alternative, Plaintiff's actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1681o(a)(1);

e. On Count II, in the alternative, costs of this action pursuant to 15 U.S.C. § 1681o(a)(2); and

f. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

David Perryman

David Perryman Junior

37 Lawrence Ave #2,

Dorchester, MA 02121

Phone #: 208 447-7743

Email: D.Perryman9402@gmail.com

Pro Se Plaintiff

Dated: May 14, 2026